EDMONDS *v.* EVARTS.

CONTRACTS — PERFORMANCE — TIME — AGREEMENT TO PURCHASE
STOCK.

Where plaintiff subscribed July 8th for stock in a corporation
at defendant's solicitation and on defendant's promise to take
it of plaintiff at par at the end of the first year, and the stock .
was issued to defendant September 19th following, and de-
fendant was absent from the State during the months of
September, October, and the early part of November of the
following year, a demand by plaintiff for performance on de-
fendant's part within a reasonable time after his return in
November was in time.

Error to Barry; Smith, J.   Submitted October 9, 1906.
(Docket No. 23.)   Decided December 3, 1906.

Assumpsit by Carey U. Edmonds against Emmett
Evarts for breach of contract.   There was judgment for
plaintiff, and defendant brings error.   Affirmed.

*Fred W. Walker*, for appellant.

*Thomas & Pryor*, for appellee.

MONTGOMERY, J.   The defendant, in July, 1903, was
engaged on behalf of the Hastings Industrial Company
in soliciting subscriptions to stock in a creamery to be es-
tablished at Dowling.   He approached plaintiff who sub-
scribed for $100, par value, of stock, upon defendant's
executing on behalf of the company an agreement to give
time on the subscription and an agreement on his own
behalf to take the stock at par at the end of the first year.
These two agreements read as follows:

"DOWLING, July 8th, 1903.
"This is to certify that C. U. Edmonds may pay for
his creamery stock in one year's time with interest at three
per cent.
"HASTINGS INDUSTRIAL CO.

"It is hereby agreed that I will take the above stock of C. U. Edmonds at par at the end of the first year.

"Emmett Evarts."

Subscriptions to the stock continued, and on September 19th plaintiff's stock was issued to him. In February, 1904, plaintiff saw defendant and offered to let him have the stock at a discount; but defendant stated that he did not care to take the stock until the end of the year. On the 10th of September, 1904, plaintiff wrote defendant, asking whether, in his (defendant's) view, the year would expire one year from September 19th, when plaintiff received and paid for the stock, or October 5, 1904, one year after the company commenced to do business. There was no answer to this letter; the defendant testifying that he did not remember having received it. Defendant was out of the State during September, October, and the early part of November, 1904. On hearing of his return, the plaintiff, on November 23, 1904, went to Nashville to see him, and as to what then occurred the court below found the facts as follows:

"That on or about the 23d day of November, 1904, in the postoffice at Nashville, Mich., defendant promised plaintiff that he would come to Dowling within a week or two and fix the matter up with him; that if plaintiff could dispose of the stock in the meantime to any one for $75 to do so, and defendant would pay to him the difference of $25."

Defendant did not come to Dowling as agreed, and the plaintiff had the stock transferred on the books of the company, a new certificate being issued to the defendant, and this was sent him on the 1st of January. This action is brought to recover the par value of the stock. Plaintiff recovered, and the defendant brings error. The above facts are gleaned from the findings.

The defendant's counsel claims that the finding quoted above in extenso is not supported by the testimony. This contention is not justified by the record. The plaintiff testified to the facts so found on his direct examination,

and no statement made on his cross-examination is so inconsistent with his direct testimony as to require it to be disregarded.   It is contended that the plaintiff should have tendered performance on July 8, 1904, and that, not having done so, no right existed to insist at a later time that defendant take the stock.   More than one answer can be found to this contention.   We do not construe the contract as fixing a limit of one year from its date; but the more reasonable construction, we think, is one year from the issue of the stock.   As the defendant was out of the State at this date, so that no formal tender was possible, the plaintiff was in time if he acted with reasonable promptness on his return.   This plaintiff did.   When, on November 23d, defendant agreed to come to Dowling within a week or two and fix the matter up, the duty of prompt action for the future was shifted to him.   A correct conclusion was reached.   No error was committed.

Judgment affirmed.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.